United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60126
Summary Calendar

ASTER MARIA NOOR MASIH,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 537 679
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Aster Maria Noor Masih petitions for review of an order by the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) to deny her application for asylum and withholding of removal under the Immigration and Nationality Act and her claim for withholding of removal under the Convention Against Torture (CAT). Noor argues that the IJ erred in finding that her testimony was not credible. She argues further that she is entitled to asylum and withholding of removal because she will

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be subjected to persecution and torture based on her religious beliefs and activities if she is returned to Pakistan.

Where, as here, the BIA summarily affirms without opinion and essentially adopts the IJ's decision, we review the IJ's decision. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). The IJ articulated cogent reasons, supported by substantial evidence in the record, for rejecting Noor's testimony as lacking credibility. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). The record does not compel reversal of the IJ's adverse credibility determination and his concomitant determination that Noor has not carried her burden of proving her entitlement to asylum, withholding of removal, or relief under the CAT. See Efe, 293 F.3d at 907; Girma v. INS, 283 F.3d 664, 666-67 (5th Cir. 2002).

Because the IJ's finding that Noor's testimony was not credible is sufficient grounds for affirming the BIA's decision, we need not reach the IJ's alternative ruling. See Chun, 40 F.3d at 79.

PETITION DENIED.